IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAPONZO MONROE DALLAS,

                              Plaintiff,

        v.

THE COUNTY OF MILWAUKEE, DAVID                          ORDER
CLARKE, Sheriff of Milwaukee, Clinic Supervisor
JOHN AND JANE DOES, Clinic Doctors JOHN                  16-cv-720-bbc[1]
AND JANE DOES, CHIEF JAILER, JANE DOE
JAILER, JAILER MARCHANT, MARY
GUIMONT, Public Defender, and ARMOR
SERVICE,

                              Defendant.

        Pro se prisoner and plaintiff Laponzo Dallas is proceeding on a claim that Milwaukee

County, David Clarke, and unknown jail staff members are refusing to provide treatment for

his persistent symptom of vomiting blood, in violation of the Eighth Amendment. Now

Dallas has filed two motions: (1) a motion for reconsideration of a portion of the order

screening his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, Dkt. 13; and (2) a

motion for leave to amend his complaint to add several defendants, Dkt. 14. For the reasons

explained below, I am denying both motions.

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay
in the progress of the case.

A. **Motion for Reconsideration**

Dallas's motion for reconsideration is not easy to follow, but I understand him to raising the following contentions: (1) the court erred in dismissing the complaint as to "Jailer Marchant," "Jailer Wierzba," and Mary Guimont; and (2) the court misconstrued his motion for voluntary dismissal. Also, Dallas includes unrelated requests to "compel the business office" to give him a legal loan and to order his release from custody. I will consider each issue in turn.

### 1. Jailer Marchant, Jailer Wierzba, and Mary Guimont

Dallas has not persuaded me that he should be allowed to proceed against any of these individuals. In the screening order, I dismissed Dallas's claim against defendant Marchant on the ground that Dallas did not discuss that defendant in the body of his complaint. Dallas says now that Marchant denied him medical care in February 2016. That allegation is not sufficient to allow Dallas to proceed against Marchant. As I explained to Dallas in the screening order, he is a restricted filer under both 28 U.S.C. § 1915(g) and *Dallas v. Gamble*, 2 F. App'x 563 (7th Cir. 2001), because of his history of frivolous litigation. This means that Dallas cannot proceed on a claim unless he is in imminent danger of serious physical injury. Because Dallas does not allege that Marchant is denying him needed medical care *now*, he cannot proceed on a claim against Marchant.

I did not discuss Jailer Wierzba in the screening order because that person is not listed as a defendant in the caption of any of the complaints that Dallas filed. In any event, even if I construe Dallas's motion as one for leave to amend his complaint to add Wierzba, I would deny the motion for the same reason that I denied the request to proceed against Marchant.

2

Again, Dallas says that Wierzba denied him medical care in February 2016, but he does not allege that Wierzba is denying him care now.

I dismissed Dallas's claim against Mary Guimont because Dallas alleged that she was his public defender, which means that she was not acting "under color of law" and cannot be sued under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Dallas cites *Haines v. Kerner*, 404 U.S. 519 (1972), for the proposition that Guimont is "not immune," but *Haines* is about pleading standards. Because I did not dismiss the claim against Guimont because of any failure by Dallas to provide details, *Haines* is not instructive. Dallas also cites *Haines* for the proposition that a court may not dismiss a defendant without giving the plaintiff an opportunity to "offer supporting evid[ence]," Dkt. 13, at 4, but that is a misstatement as well. In *Haines*, 404 U.S. at 530, the Court stated that a prisoner must be permitted to offer supporting evidence *if he states a claim*. Because Guimont cannot be sued under § 1983, Dallas did not state a claim against her.

## 2. Scope of voluntary dismissal

After Dallas filed his original complaint, he filed a "motion to amend complaint," Dkt. 4, an "amended complaint," Dkt. 6, and a motion for leave to amend his complaint to add Patricia Gonzalez as a defendant, Dkt. 8. However, before I could consider any of those documents, Dallas filed an untitled document, Dkt. 9, which I construed in the screening order as a motion to voluntarily dismiss all of his complaints except the original one.

Dallas says that I misconstrued his motion, but even now, it is not clear from his latest motion which claims in his subsequent complaints he wishes to pursue. Even if I assume that he wishes to pursue all of them, he cannot proceed on any of them.

Case 2:17-cv-00640-LA    Filed 01/26/17    Page 3 of 7    Document 16

First, Dallas includes claims against a prosecutor and a circuit court judge regarding conduct that occurred in court, but both prosecutors and judges have immunity for actions taken in that context. *Mireles v. Waco*, 502 U.S. 9 (1991) (judges cannot be sued for acts taken in a judicial capacity); *Kalina v. Fletcher*, 522 U.S. 118 (1997) (prosecutors cannot be sued for acts taken within scope of duties as prosecutor). Second, Dallas names individuals at the Milwaukee House of Correction, where he is no longer housed. Again, because Dallas's filing restriction limits him to claims related to danger he faces now, individuals who are no longer involved in his care are not proper defendants.

Finally, Dallas raises claims about a stolen Bible, a "false booking," his blood pressure, his back, and an incident in which another prisoner flipped his mattress over while he was sleeping on it, but none of those claims are properly before the court. A stolen Bible does not threaten Dallas's health or safety, so he cannot raise that claim in this court until his sanctions are lifted. With respect to the "false booking," if Dallas believes that he is being incarcerated wrongfully, he must file a petition for a writ of habeas corpus after exhausting his remedies in state court. *Jackson v. Clements*, 796 F.3d 841, 842-43 (7th Cir. 2015). As to his back and blood pressure and the mattress issue, Dallas has not alleged that any of those issues pose an imminent threat to his health or safety, so those claims are also barred by the filing restriction. Even if those issues *did* pose a serious risk of physical injury, they are unrelated to Dallas's claim about persistent vomiting, so he would have to bring them in a separate lawsuit. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits.").

### 3. Legal loan

In one sentence in his motion for reconsideration, Dallas says that he wants this court "to compel the jail business office to obtain a[n] inmate legal loan." Dkt. 13. There are few circumstances under which a federal court may require jail officials to provide legal loans to a prisoner. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); *Ripp v. Nickel*, 838 F. Supp. 2d 861, 866 (W.D. Wis. 2012). Before he would be entitled to court assistance, Dallas would have to show that he is indigent and that jail officials are denying him legal resources necessary to litigate this case. Dallas has not explained why he wants a legal loan, let alone shown that he needs the loan to avoid dismissal of this case. In light of the multiple motions that the court has received from Dallas, it seems obvious that he has the necessary paper and postage to pursue his claim.

### 4. Request for release

At the end of his motion for reconsideration, Dallas makes a request to be released from custody "based on perjury." Dkt. 13, at 7. Dallas does not explain what that means. If he is alleging that he was falsely convicted, again, that is a claim he must raise in a petition for a writ of habeas corpus after he exhausts his remedies in state court. If he is asking to be released because of the defendants' conduct in this case, he cannot obtain that type of relief, even if he prevails on his claim. *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.").

5

**B. Motion for Leave to Amend Complaint**

Dallas seeks to add "Wisconsin Department of Correction[s]," "Kettle Moraine Prison," "Dr. Horn," and "UW Hospital Doctor" as defendants. Dkt. 14. I am denying this motion in full. State agencies such as the Wisconsin Department of Corrections cannot be sued for constitutional violations. *Thomas v. Illinois*, 697 F.3d 612, 613-14 (7th Cir. 2012). A prison cannot accept service of a complaint, so it cannot be sued. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As to Dr. Horn and the unnamed doctor, Dallas does not allege that either of them is denying him care that he needs now, so any claims against them are barred by Dallas's filing restrictions.

The restrictions on Dallas have been in place for many years, so he should be well aware of their expansive scope and the limited nature of the exception to the restrictions. I remind Dallas again that he may not bring any claims against any defendant unless that defendant is subjecting him to imminent danger of serious physical injury. Civil claims unrelated to Dallas's health or safety or that relate to incidents that have occurred in the past are barred. If Dallas continues to try to expand his claims beyond those allowed by his restrictions, the court will deny the requests summarily without further comment.

ORDER

IT IS ORDERED that Laponzo Dallas's motion for reconsideration, Dkt. 13, and motion for leave to amend his complaint, Dkt. 14, are DENIED.

Entered January 26, 2017

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge